IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL WHITE,

                Plaintiff,

  v.

NICOLE KRAHENBUHL,

                Defendant.[1]

OPINION and ORDER

18-cv-976-jdp

---

Pro se plaintiff Samuel White alleges that defendant nurse Nicole Krahenbuhl gave him inadequate post-surgery care while he was incarcerated at New Lisbon Correctional Institution (NLCI). White brings claims against Krahenbuhl under the Eighth Amendment to the United States Constitution and under Wisconsin negligence law. Dkt. 6.

Krahenbuhl has moved for summary judgment. Dkt. 16. Krahenbuhl provided care as authorized under White's physicians' orders, and she did not consciously disregard his suffering. I will grant Krahenbuhl's motion as it pertains to White's Eighth Amendment claim, which would leave only the state-law negligence claim. I will decline to exercise supplemental jurisdiction over White's state-law claim and close this case.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

On May 2, 2018, while he was incarcerated at NLCI, plaintiff White had a bunion surgically removed from his left foot by an offsite provider, physician Richard Langen. Langen

---

[1] The court has updated the caption to correct the spelling of defendant's name as indicated in her answer, Dkt. 10.

made recommendations concerning White's postoperative course of treatment to White's physician at NLCI, Karl Hoffmann. (Neither of the doctors is a defendant.) Hoffmann adopted most of Langen's recommendations. Most significant to this case, Hoffman and Langen ordered that White should "ambulate with [a] postop shoe at all times," Dkt. 19, ¶ 18. Hoffmann also ordered that White receive tramadol every six hours for one week as needed for his pain. Tramadol is a controlled medication, so White had to walk to NLCI's Health Services Unit (HSU) to receive it.

The day after his surgery, May 3, White tried to walk in his post-op shoe, but he fell several times. A correctional officer saw this and allowed him to be taken in a wheelchair to see defendant Krahenbuhl, an HSU nurse. When White arrived, he asked Krahenbuhl to change the bloody dressing on his foot, which she did. White also asked to use crutches or a wheelchair because he was having trouble walking. White says that he informed Krahenbuhl that he had to walk a long distance to HSU to pick up his tramadol, Dkt. 27, ¶ 5, which is testimony that I will accept in considering Krahenbuhl's motion for summary judgment. Krahenbuhl issued White a single crutch to help him walk, but she denied White the use of a wheelchair, inferring that that would be contrary to the doctors' order that White continue to ambulate.

White did not meet or communicate with Krahenbuhl after the May 3 meeting. White says that after the May 3 meeting, Krahenbuhl called White's housing unit and told his unit manager to write a conduct report for White if he was seen using a wheelchair. Krahenbuhl objects that this fact is immaterial, but she does not dispute it. (White's evidence is hearsay, but Krahenbuhl does not object on that ground, so I'll consider the fact established for summary judgment.)

After May 3, White walked to HSU several times for tramadol using the single crutch, suffering excruciating pain each time. His wound bled and he often had to rewrap his dressing after walking to HSU. Several times he chose to forego medication rather than walk to HSU because of the pain.

On May 9, White returned to Langen, the offsite physician, for a scheduled follow-up appointment. He told Langen that he had to walk a quarter of a mile to obtain tramadol. Langen recommended that White use a wheelchair to travel such long distances but said that he could walk shorter distances. Hoffman adopted this recommendation and ordered that White have the use of a wheelchair for one week.

## ANALYSIS

The Eighth Amendment prohibits a prison official from consciously ignoring an excessive risk posed by a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To violate the Eighth Amendment, the official must be aware of the risk posed by the prisoner's serious medical need and choose to disregard that risk. *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). But "inadvertent error, negligence or even ordinary malpractice" does not violate the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Summary judgment is appropriate if the facts are not genuinely disputed and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). I must view the evidence in the light most favorable to White, the non-moving party, and I must draw all reasonable inferences in his favor. *McCottrell v. White*, 933 F.3d 651, 657 (7th Cir. 2019).

White contends that Krahenbuhl violated the Eighth Amendment because she should have allowed him to use a wheelchair or given him two crutches instead of just one. To prevail,

White would have to show that Krahenbuhl was aware that White needed a wheelchair or two crutches and consciously decided to deny him those items. The facts here are undisputed: Krahenbuhl did not consciously disregard White's need for treatment.

Krahenbuhl knew that White had difficulty walking to the HSU on May 3. She gave him a crutch to alleviate that difficulty. The crutch was consistent with the directives of both doctors responsible for White's treatment, who initially agreed that he should "ambulate with [a] postop shoe at all times," Dkt. 19, ¶ 18. Krahenbuhl was entitled to rely on the doctors' judgment. *McCann v. Ogle County*, 909 F.3d 881, 887 (7th Cir. 2018) (nurse may defer to doctor's judgment if doctor's proposed course of care does not raise obvious risk of harm). White has adduced no evidence that, on May 3, it was apparent to Krahenbuhl that a single crutch would be inadequate. And Krahenbuhl made a reasonable judgment that either a wheelchair or a pair of crutches would be contrary to the doctors' orders, because they would prevent White from ambulating as ordered, which Krahenbuhl inferred was part of his recovery regime.

White has adduced evidence that the single crutch was not adequate to protect his recovering foot, because walking to HSU for his tramadol was so painful he sometimes skipped his medication. (That's disputed, but at summary judgment, I credit White's version if it's supported by evidence.) Both Langen and Hoffmann subsequently decided that White could use a wheelchair based on White's follow-up visit with Langen.

So White contends that Krahenbuhl violated his rights by "persist[ing] in a course of treatment known to be ineffective," *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). But White did not meet or communication with Krahenbuhl after May 3. So White has adduced no evidence that Krahenbuhl knew that walking with the single crutch caused White such pain.

4

Without evidence that Krahenbuhl knew that the single crutch was ineffective, White's Eighth Amendment claim fails.

White's remaining arguments are unpersuasive. White says that because Krahenbuhl gave him a crutch, she acknowledged that he could not walk. White argues that by giving him any assistance, Krahenbuhl demonstrated that she was free to vary from the doctors' orders. And, finally, White argues that by telling the unit manager that White should get a conduct report for using a wheelchair, Krahenbuhl demonstrated her disregard of his pain. None of these arguments show that Krahenbuhl was deliberately indifferent to White's suffering. With a single crutch, White would still ambulate with his recovering foot. With a pair of crutches or a wheelchair, White would be able move without putting any weight on any part of his foot, which Krahenbuhl reasonably inferred was inconsistent with the doctors' post-surgical orders. The bottom line is that Krahenbuhl did what she could to help him walk, while keeping White compliant with the doctors' orders.

Krahenbuhl is entitled to summary judgment on White's Eighth Amendment claim. I do not need to consider her alternative argument that she is entitled to qualified immunity.

White's state-law negligence claim is subject to different, less demanding standards than his claim under the Eighth Amendment. When only state-law claims remain in a federal lawsuit, the presumption is that the court will relinquish its supplemental jurisdiction over those claims. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). I have not considered the merits of White's state-law claim, so there would be no efficiency in resolving it in this court. Accordingly, I will dismiss White's state-law claim against Krahenbuhl without prejudice, which might allow White to pursue it in state court.

ORDER

IT IS ORDERED that:

1. Defendant Nicole Krahenbuhl's motion for summary judgment, Dkt. 16, is GRANTED. Plaintiff Samuel White's Eighth Amendment claim is DISMISSED with prejudice. White's state-law negligence claim is DISMISSED without prejudice to White refiling the claim in state court.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 16, 2020.

                            BY THE COURT:

                            /s/

                            _____

                            JAMES D. PETERSON
                            District Judge